IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

v.

KYLE B. OLSON,

Defendant.

Case No.: 18-cr-00145-wmc

GOVERNMENT'S SENTENCING MEMORANDUM

I. Introduction

This is Kyle Olson's second conviction for a child-pornography-related offense. While his prior military conviction does not qualify statutorily as a predicate offense to subject Olson to a ten-year mandatory minimum, it did involve conduct that would mandate a ten-year sentence had his conviction been in either the State of Wisconsin or a federal court. Moreover, it demonstrates his long term interest in children. For those reasons, and the reasons below, the government requests this Court sentence the defendant within the advisory guideline range.

II. Sentencing Argument

Sentencing in Federal Courts is guided by 18 U.S.C. § 3553. Section 3553 directs this Court to focus on who the defendant is and what the defendant did (Section 3553(a)(1)), and to address various societal goals in sentencing (Section 3553 (a) (2-7)). A brief analysis of these components supports a guideline sentence.

A.     Nature and Circumstances of the Offense

18 U.S.C. § 3553(a) (1) directs the Court to consider the nature and circumstances of the offense – what did the defendant do?  The defendant's actions support a guideline sentence.

In 2018, an undercover FBI agent downloaded 25 child pornography videos that the defendant was sharing online.  (R. 24, ¶ 11).  Some of these videos depicted prepubescent boys and girls engaged in sexually explicit conduct.  (Id.).  Others depicted pubescent minors. (R. 24, ¶ 11).  Agents executed a search warrant at the defendant's home and seized numerous electronic items.  Agents found a video and numerous images depicting both prepubescent and pubescent minors engaged in sexually explicit conduct on devices belonging to the defendant.  (Id., ¶ 16, 22).

In addition to the images of real children, agents found thousands of images of animated child pornography and child erotica, (Id., ¶ 18), and search terms including jailbait, tight hindu pthc, pthc – tight hindu 11y and 12y Indian girls sucking and fucking, and underage porn star.  (R. 24, ¶ 19).  The defendant's computer browser history showed pornographic sites including teenchat.com, lolitasex.com, and bestjailbaitforum.  (Id., ¶ 20).  Law enforcement also found numerous files with names indicative of sadistic conduct, images of toddlers, and incest.  (Id., ¶21).

The defendant's conduct was extremely serious and warrants a guideline sentence.

B.     History and Characteristics of the Defendant

The defendant has been viewing child pornography for more than ten years. (R. 24, ¶ 25). He reported that as he got older, he became more interested in younger children, becoming sexually aroused by videos and images of prepubescent girls. (Id.).

In 2012, the defendant was convicted of possessing child pornography by a military tribunal. (R. 24, ¶67). The investigation into that offense established probable cause that the defendant downloaded, viewed, and distributed more than 400 known child pornography files in LaCrosse and in Afghanistan. (Id.). Had the defendant been convicted by the state of Wisconsin as opposed to the military, the defendant would be facing a mandatory ten-year term of imprisonment. 18 U.S.C. §2252(a)(4)(b)(2). No doubt courts are not to look at underlying conduct when determining whether an offense counts to enhance a sentence and the government is not asking the Court to upwardly depart and sentence the defendant to ten years in custody. However, the facts show the defendant has been convicted of an offense involving similar behavior and the sentence imposed by this Court should reflect that.

Moreover, the defendant's conduct has become more aggravated since the 2012 offense. The defendant admitted that, using the name "wantsyoungergirl," he had been engaging in sexually explicit chats with minors for the past two years. (R. 24, ¶ 31). He lied about his age and asked girls as young as 13 years old to send him sexually explicit pictures. (Id.). As recently as two months before his arrest, the defendant was making plans to meet a 14 or 15 year old girl from Black River Falls. (Id., ¶ 34). While he did not ultimately meet up with her, that was primarily because he could not come up with an excuse to leave his parents' home late at night. (Id.).

At the time of this offense, the defendant was a registered sex offender. (R. 24, ¶ 26). He admitted violating his sex offender conditions by downloading child pornography and visiting websites including teenchat.com and chatib.us to communicate and exchange naked images with minor girls. (Id., 28, 31). The defendant's history and characteristics show a guideline sentence is warranted.

      C.      The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in the subsection." Included in those factors are the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

The seriousness of this offense is difficult to overstate. Traders of child pornography are members of a community of deviant individuals who revel in watching the sexual abuse of young and vulnerable children. For those with a sexual interest in children, the Internet provides a tailor-made medium for acquiring the latest and most hardcore child pornography images. The fact that the children suffer the sexual abuse in the first place is a horrible reality, but add to that the continued exploitation of such children by persons like the defendant and it becomes a never-ending tragedy.

That is particularly true in this case when the defendant's conduct goes further than merely trading child pornography. While the defendant admittedly did that, he

4

also had direct conduct with minors, exchanging explicit pictures with girls as young as 13 years old. (R. 24, ¶31).

    D.    The Need to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant

The sentence in this case should constitute a loud message to other offenders that serious consequences will result for such callous disregard of minor victims. Moreover, the defendant has a prior conviction for this type of conduct and his conduct has escalated since then. Based on his own statements and actions, the defendant may well pose a future danger to his young victims, as demonstrated by his repeated and varied illegal acts.

### III. CONCLUSION

Kyle Olson has been interested in child pornography much of his adult life. He has a prior conviction for identical conduct and he has been in direct contact with minors, exchanging sexually explicit images. The government respectfully believes that a guideline sentence, followed by a lengthy term of supervised release, is warranted in this case.

Dated: May 1, 2019

                                Respectfully submitted,

                                SCOTT C. BLADER
                                United States Attorney

                    By:    /s/
                           ELIZABETH ALTMAN
                           Assistant United States Attorney