IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    v.

KYLE B. OLSON,

    Defendant.

Case No.: 18-cr-00145-wmc

DEFENDANT'S SENTENCING MEMORANDUM

18 U.S.C. §3553 directs a sentencing Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. While the Defense certainly agrees that Mr. Olson's conduct is serious and deserving of punishment, there are several aspects of this case that the Court should consider in reaching a conclusion about how much confinement is necessary, and how both society and Mr. Olson can benefit from meaningful supervision.

At an early age, Kyle Olson was identified as a person who would not likely succeed at having a productive job or a normal life. In spite of this, he obtained passing grades in school, grew up to obtain steady employment, and ultimately enlisted in the military. Although his military service was terminated due to a Court-Martial and subsequent discharge, he otherwise served honorably in Afghanistan and was well regarded amongst other members of his unit. In fact, his commander significantly commuted the original Court-Martial sentence to a lesser period of time in incarceration

and also declined to impose a punitive discharge.

Mr. Olson was returned home after serving his sentence in military prison with no period of formal supervision and more importantly, without any treatment mandated as part of a supervisory period. While the Government correctly points out that Mr. Olson was convicted of similar behavior while in the Army, no rehabilitative measures were involved as would normally be the case if a defendant had been convicted in State or Federal Court.

When Kyle was arrested for the conduct that resulted in the charges for which he now faces sentencing, he was finally given guidance on how to obtain a sex offender assessment and treatment opportunities. He has been cooperative and has progressed remarkably while engaging in treatment through Driftless Recovery Services. Given that this is the first time that treatment has been realistically undertaken, the Defense believes that the Court should consider Kyle's rehabilitative potential in determining an appropriate sentence. His performance and compliance so far is a positive indication that with the proper treatment and supervision, he will be able to successfully address the addiction issues and mental health problems that have contributed to his criminal behavior.

Kyle does not attempt to minimize or make excuses for his conduct. He genuinely seeks to engage in ongoing treatment and to obtain help addressing this problem. Since commencing treatment, he has actively engaged in all testing and activities involved with the proscribed regimen. He has also had significant opportunity to talk about and understand victimization of children who are portrayed in child pornography. He has

achieved perspective on how his behavior impacts society as a whole, and why this activity is intolerable. Although Mr. Olson functions at a reasonably high intellectual level, these are concepts which are not typically fully contemplated by individuals with autistic disorders unless specific treatment and guidance can be provided.

One could speculate that Mr. Olson is a danger to society because of his viewing of child pornography and, more significantly, if he were to actually act on an impulse to engage in sexual activity with a minor. As noted in the Pre-Sentence Report, Mr. Olson was administered a polygraph examination regarding any sexual contact with minor individuals. He displayed no deception in his answers that he had not had any such contact.

A critical component of successful sex offender treatment is admitting one's illegal conduct, criminal thinking, and the addictive nature of inappropriate sexual impulses. These are issues that are difficult to fully address outside of a treatment context because they can be embarrassing and are not easily broached with family members. Kyle has always led a very introverted life, and has had very few friends or confidants. His parents have been his primary source of moral support. While they unconditionally love him, they are not an appropriate source for expert sex offender treatment services. Now that Kyle has been properly referred to these services and has actively engaged in the treatment process, it is expected that his risk to society will be greatly diminished.

Given these unique factors, the Defense proposes that the Court impose a sentence that is below the applicable guideline range.

The Defense has submitted an updated summary of Mr. Olson's progress in sex

offender treatment, as well as a number of character letters as attachments to this memorandum.

Respectfully,

/s/

_____
KIRK B. OBEAR
Attorney for Kyle Olson